IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID C. MOORE, ET AL. | § | |
| VS. | § | CIVIL ACTION NO. 1:08-CV-872 |
| DIRECTOR, TDCJ-CID | § | |

## **MEMORANDUM OPINION REGARDING TRANSFER**

This civil rights action, brought pursuant to 42 U.S.C. § 1983 was filed by fifty-one prisoners. The plaintiffs, who are confined at the Ramsey II Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, are proceeding *pro se*.

### Discussion

The Civil Rights Act, 42 U.S.C. § 1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972); *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, Section 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. However, under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Plaintiffs complain about the conditions of confinement at the Ramsey II Unit. That prison facility is located in the Galveston Division of the United States District Court for the Southern District of Texas. The court has considered the circumstances and has determined that the interest of justice would best be served if the complaint were transferred to the district in which the claims arose. Therefore, the case should be transferred to the Southern District of Texas. An order so providing will be entered by the undersigned.

**SIGNED** this   5   day of   January  , 2009.

                                    KEITH F. GIBLIN
                                    UNITED STATES MAGISTRATE JUDGE